Filed 6/18/26  P. v. Moran CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086867 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD307940) |
| v. | |
| FABIAN MORAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Melinda J. Lasater, Judge.  Affirmed.

Fabian Moran, in pro. per., and Anna M. Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted Fabian Moran of transportation of a controlled substance for sale (Health and Saf. Code, § 11379, subd. (a)) and possession of a controlled substance for sale (*id.* § 11378.)

The court sentenced Moran to three years in prison with one year suspended to be served in mandatory supervision.

Moran filed a timely notice of appeal.

Appellate counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We advised Moran he could file his own brief on appeal. He has responded with a letter brief.

Moran asks the court to grant him compassionate release due to illness of a family member. Moran's submission does not identify any arguable issues for reversal on appeal.

STATEMENT OF FACTS

Appellate counsel has submitted a useful summary of the evidence presented at trial, including the testimony admitted regarding prior similar acts. We will incorporate the factual summary into this opinion to provide background.

Prosecution Evidence

On May 13, 2025, at 1:30 a.m., Officer Arrifa Luis and his partner, Officer Michael Hagen, saw a white pickup truck with an obstructed rear license plate. The obstruction was a black plastic bag. The officers activated the patrol car lights and siren to stop the driver. The driver did not comply and continued driving. Eventually, the truck stopped. Defendant was the driver and sole occupant. The plastic bag that obstructed the license plate contained what appeared to be marijuana.

A search of defendant produced a golf ball size crystalline substance that was contained in a clear plastic bag. The crystalline substance was determined to be 3.11 grams of methamphetamine. A pipe was found on the seat of the truck. A bottle of vodka was observed between the driver and passenger seat area.

A further search of the automobile produced three plastic bags containing a crystalline substance. The bags were hidden in the dashboard behind the air conditioning vent. What caught the officer's attention was an unusual hole in the dashboard. He looked in and saw an orange/yellow piece of cloth. This was also unusual because that compartment should only contain wires and tape. He retrieved the contents. The crystalline substance contained in the three bags all tested positive for methamphetamine. One bag contained 10.10 grams of methamphetamine and the other two weighed a total of 26.2 grams. All four bags recovered from defendant and the truck weighed a total of 39.4 grams. The total street value, on the low end, would be approximately $788. Also recovered were two cell phones and $154, which was on defendant in denominations of $20, $10, and $1. Based on the quantity, size, weight, and packaging of the drugs; the fact that the drugs were hidden in the truck dashboard; the defendant had two phones; and the cash, Officer Hagen opined that the drugs were possessed for sales and were being transported for sales. Exhibit 16, a certified packet from the Department of Motor Vehicles, was submitted to demonstrate that defendant was the registered owner of the white truck since July 2024.

Prior similar act evidence was introduced. The first incident took place on July 24, 2020. Officer Milad Tilko initiated a traffic stop of defendant. A search of defendant's pocket produced a glass pipe commonly used to smoke methamphetamine, and in his sock there was a Ziploc bag which contained two bindles of white crystalline substances determined to be methamphetamine. One weighed one gram and the other .93 grams. A search of the vehicle produced a black bag which was in the rear passenger seat; it contained 200 unused, empty baggies and two digital scales. The officer opined that the methamphetamine was possessed for sales.

The second incident took place on May 8, 2021. Officer Petra Saltzman was the investigator of a case involving the defendant. She reviewed body-worn camera video coverage of a traffic stop and search of the defendant as well as the evidence recovered. A backpack that was on the back seat of the vehicle contained baggies of a controlled substance—methamphetamine, a scale, and small plastic baggies. The small baggies weighed at .05 and .07 ounces. In five bigger baggies the weight was 4.47 ounces. A search of the defendant produced two baggies with methamphetamine which weighed at .05 and .07 ounces. The officer opined the drugs were possessed for sale.

Defense Evidence

Defendant testified that he started using methamphetamine when he was 13 years old; he sold methamphetamine in the past; he pled guilty; and he took accountability. On the night of the present incident, defendant did not stop his vehicle because he panicked based on the fact that a person was killed on that street by the San Diego Police Department; it was very dark; and he could not find a place to park where it was light. One phone belonged to him, and the other phone belonged to his girlfriend. The drugs that were found in defendant's truck belonged to him. He did not intend to sell the drugs. The pipe found in the truck belonged to him. On cross-examination, he admitted placing the drugs in the hole to prevent from getting caught by law enforcement and admitted creating the hole. He did not tell the officers that he did not know there were drugs in the truck because he was not asked. He did not plead guilty in this case because he was not selling. He is a user.

<u>Prosecution Rebuttal</u>

Officer Hagen testified that sellers of methamphetamine can also be users and users can be sellers to support their habit. The lowest price for an ounce of methamphetamine is $280. Officer Hagen has not seen an ounce sell for $120. A user typically carries 1 to 5 grams.

Evidence was presented that defendant informed Officer Luis that he did not know anything about the drugs in the dashboard.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has identified four possible issues that were considered in evaluating the potential merits of this appeal.

A. Did the court err in permitting introduction of prior similar act evidence?

B. Did the trial court err in denying the motion to dismiss under Penal Code section 1118.1?

C. Was the evidence sufficient to support the conviction?

D. Did the trial court err in ordering a three-year midterm sentence?

We have independently reviewed the record for error as required by *Wende* and *Anders.* We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Moran in this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.*

WE CONCUR:


DATO, Acting P. J.


CASTILLO, J.

---

*     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.